```
              IN THE UNITED STATES DISTRICT COURT FOR THE

                           DISTRICT OF MINNESOTA

LAVELL FLY,                    )
                               )
            Plaintiff,         )         4:07CV3134
                               )
      v.                       )
                               )
DEBORAH A. MARSHALL, CAROLYN   )         MEMORANDUM AND ORDER
L. SIMANDL, JUDITH D. KABRICK, )
COMMAND CENTER, INC.,          )
                               )
            Defendants.        )
_____)
```

Plaintiff, Lavell Fly, a nonprisoner, filed his pro se complaint on May 23, 2007 (Filing No. 1.), and an amended pro se complaint on September 24, 2007 (Filing No. 9). Plaintiff has been granted leave to proceed in forma pauperis (Filing No. 4). The Court now conducts an initial review of the complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2).

I.   **INITIAL REVIEW OF COMPLAINT**

   A.   Summary of Complaint

The claims previously raised in the plaintiff's initial complaint are alleged with more specificity in the amended complaint. Therefore, the amended complaint supersedes rather than merely supplements the original complaint, and the amended complaint (Filing No. 9) is the operative complaint for the purpose of this initial review.

The plaintiff alleges that defendants Marshall, Simandl, and Kabrick are employees of defendant Command Center, Inc. The amended complaint states that on or about July 31, 2006, the plaintiff reported to the job desk at Command Center to receive a job assignment. He claims defendant Marshall approached him, forcibly removed the sign-in board and pen from the plaintiff's hands, called him a "big fat drunken Indian" who belongs in jail, and told him he could not longer receive work through defendant Command Center. He claims defendant Simandl witnessed the incident and "out of friendship and loyalty . . . would back up" Marshall's version of the events, and defendant Kabrick failed to properly investigate the plaintiff's mistreatment by Marshall and Simanl.

The plaintiff alleges he is mentally and physically disabled, and he was not given a job assignment on July 31, 2006, because of his race and disabilities. He alleges he presented his claim to the EEOC and is now appealing that agency's decision. The plaintiff seeks damages.

B.  Applicable Legal Standards on Initial Review.

The Court is required to review an in forma pauperis complaint seeking relief to determine whether summary dismissal is appropriate. See 28 U.S.C. §§ 1915(e)(2). The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, fails to state a claim upon which

-2-

relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Thus, where a pro se plaintiff can prove no set of facts that would entitle him to relief, the complaint must be dismissed. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1967); *Burke v. North Dakota Dept. of Corrections and Rehab.*, 294 F.3d 1043, 1044 (8th Cir. 2002).

  C. <u>Discussion of Claims.</u>

    Read liberally, the plaintiff's complaint alleges he is a disabled Native American who was able to work but denied employment based on his race and disabilities. The plaintiff's allegations are directed at the actions of defendant Marshall who, liberally construing the complaint, was acting in a managerial capacity for defendant Command Center, Inc. As to these defendants, the plaintiff has adequately alleged a claim of employment discrimination in violation of the Americans with Disabilities Act of 1990, 42 U.S.C.A. § 12101, et seq, and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2(a)(1). *See e.g., Taylor v. Southwestern Bell Telephone Co.*, 251 F.3d 735 (8th Cir. 2001)(outlining elements of race and age discrimination claims).

    However, as to defendants Simandl and Kabrick, the plaintiff's amended complaint alleges only that defendant Simandl will falsely corroborate defendant Marshall's testimony, and defendant Kabrick failed to adequately investigate the alleged

-3-

incident after it occurred.  The allegations concerning these defendants were not raised in the plaintiff's initial complaint.  There is no allegation that either of these defendants participated in Marshall's allegedly discriminatory conduct, or was a decision-maker in denying the plaintiff's request for an employment assignment.  Therefore, as to defendants Simandl and Kabrick, plaintiff's amended complaint fails to state a claim upon which relief may be granted.  *See McGinnis v. Union Pacific R.R.*, 2007 WL 2214432, *3 (8th Cir. 2007)(granting summary judgment in favor of a co-employee who was neither the plaintiff's supervisor nor the decision-maker who fired the plaintiff on the basis of gender).  Plaintiff's claims against defendants Simandl and Kabrick will be dismissed.

**II.  MOTION FOR ADDITIONAL SUMMONS**

The plaintiff has filed a motion for additional summons and for additional time to serve the defendants (Filing No. 10).  More than 120 days have passed since the plaintiff's initial complaint was filed.  The plaintiff's previous attempt to serve "Jane Doe" of Command Center, Inc., was returned unexecuted (Filing No. 7).  However, the plaintiff's amended complaint now identifies "Jane Doe" as defendant Marshall.  The plaintiff's motion for additional summons, and for additional time to serve those summons, will be granted.

IT IS ORDERED:

1) Plaintiff's claims against defendants, Carolyn L. Simandl and Judith D. Kabrick, are dismissed.

2) The plaintiff's motion for additional summons and for additional time to serve the defendants (Filing No. 10) is granted.

3) The Clerk of Court shall provide the plaintiff with two summons and 285 forms and a copy of this order. The plaintiff shall complete the summons and 285 forms and return them to the Clerk of Court.

4) Upon receipt of the completed summons and 285 forms, the Clerk will sign each summons, to be forwarded, together with a copy of the amended complaint (Filing No. 9) to the U.S. Marshal for service on the defendants. The Marshal shall serve each summons and complaint without payment of costs or fees. Service may be effected by mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal.

5) The plaintiff is given until October 31, 2007, to serve defendants Command Center, Inc., and Deborah A. Marshall.

      6) The Clerk of court is directed to set a pro se case management deadline in this case using the following text: October 31, 2007–deadline for service on defendants.

      DATED this 4th day of October, 2007.

                BY THE COURT:

                /s/ Lyle E. Strom
                _____
                LYLE E. STROM, Senior Judge
                United States District Court